**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SARAH SCHMIEDER, individually and on behalf of a nationwide class of similarly situated individuals,

Plaintiff,

v.

NORTHWEST COLLECTORS, INC.,

Defendant.

Case No. 19-cv-05457

The Honorable Sharon Johnson Coleman

Magistrate Judge Gabriel A. Fuentes

JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS OF CERTAIN ASPECTS OF THE PUTATIVE  CLASS ACTION COMPLAINT**

NOW COMES Plaintiff SARAH SCHMIEDER ("Plaintiff") by and through her attorney, James C. Vlahakis, and hereby Moves to Voluntarily Dismiss Certain Aspects of Her Putative Class Action Complaint:

### I.  Introduction

1.      Plaintiff filed a putative Class Action Complaint pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.,* for statutory damages, declaratory relief and injunctive relief based upon telephone calls and pre-recorded and artificial voice messages that Defendant used to contact her to collect a red-light camera ticket starting in June of 2019. Dkt. 1 (Exhibit A). On information and belief, Defendant's own account records may show earlier calls related to a different ticket.

2.      Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful to use an "automatic telephone dialing system" *or* an "artificial or prerecorded voice" to call a person's cellular telephone number "with[out] the prior express consent of the called party."

3.      The TCPA does not require that a Defendant call a putative plaintiff with an "automatic telephone dialing system" in order to trigger TCPA liability for calling a

putative plaintiff (without his or her consent) and playing or leaving "artificial or prerecorded voice" messages.

4.     Plaintiff alleges that she never provided "prior express written consent" to Defendant (or the creditor at issue) to allow or otherwise authorize Defendant to call her cellular number with an "automatic telephone dialing system or an artificial or prerecorded voice."

5.     Plaintiff has moved to certify a class of individuals who received "artificial or prerecorded voice" messages from Defendant without their consent. Dkt. 18 (Exhibit B). Plaintiff's Motion to Certify does not seek to certify a class of persons that were called by Defendant with "automatic telephone dialing system".

6.     As noted in the Class Action Complaint and Plaintiff's Motion to Certify, Defendant violated Section 227(b)(1)(A)(iii) of the TCPA because it did not have Plaintiff's permission to call her cellular phone number and play or leave pre-recorded messages on her voicemail. Dkt. 18 (citing ¶¶ 6-7, 25, 27, 38, 40, 62-63 of the Class Action Complaint). Defendant also violated the TCPA by continuing to call Plaintiff with pre-recorded messages after she told Defendant to stop calling her. Dkt. 18 (citing ¶¶26-28 of the Class Action Complaint).  Defendant called putative class members in the same manner. Dkt. 18 (citing ¶¶25, 30, 39, 41, 73-74 of the Class Action Complaint).

7.     As noted during the parties' initial status conference on November 15, 2019, Plaintiff does not intend to pursue individual or class-wider relief relative to calls made by Defendant through an automatic telephone dialing system – where the calls did not result in Defendant playing or leaving pre-recorded messages.

8.     Indeed, Plaintiff's Motion to Certify seeks to certify a class pursuant to Count III of the Class Action Complaint on behalf of "[a]ll persons with Illinois based

area codes who were called by Defendant on within the last four years where Defendant played or left pre-recorded messages." Dkt. 18, ¶14.

**II. Argument**

9. Federal Rule of Civil Procedure 1 was enacted "to secure the just, speedy, and inexpensive determination of every action and proceeding."

10. Federal Rule of Civil Procedure 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."

11. Federal Rule of Civil Procedure 23(d)(1)(A) provides that:

> [i]n conducting an action under this rule, the court may issue orders that:
>
> > (A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument[.]

12. Accordingly, consistent with FRCP 1, FRCP 23(c)(1)(A) and FRCP 23(d)(1)(A) Plaintiff seeks to voluntarily dismiss the aspects of the putative Class Action Complaint which seek relief for calls solely predicated on Defendant's purported use of an "automatic telephone dialing system". Further, consistent with FRCP 1, FRCP 23(c)(1)(A) and FRCP 23(d)(1)(A) Plaintiff seeks to move forward for class-wide relief for calls made Defendant that resulted in the playing of or delivery of pre-recorded voice messages.

13. Rather than prepare and file an amended complaint and require Defendant to expend the time and effort of answering an amended complaint, Plaintiff submits that her voluntary dismissal of her claims that are solely predicated on purportedly unlawful "automatic telephone dialing system" based calls is the most efficient way to get to issue with Defendant and conform the operative Complaint to the relief she intends to seek on a class-wide basis.

14.     Accordingly, for the sake of clarity, the only relief that Plaintiff intends to seek on behalf of herself and putative class members is for a Defendant's allegedly unlawful calls to Plaintiff through the use of non-consensual "artificial or prerecorded voice" messages which took place in June of 2019, or earlier, and Defendant's allegedly unlawful calls to putative class members, which took place during a four year time-period preceding the filing of the Class Action Complaint.

WHEREFORE, Plaintiff seeks leave of court to dismiss, without prejudice, her TCPA claims that are solely predicated on Defendant's alleged use of an "automatic telephone dialing system", and to proceed forward to seek class-wide relief relative to Defendant's purported violations of the TCPA for non-consensual "artificial or prerecorded voice" messages.

Plaintiff SARAH SCHMIEDER, individually
and on behalf of all others similarly situated,

*/s/ James C. Vlahakis*
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of record.

*/s/ James C. Vlahakis*
James C. Vlahakis
